Ms. Jennifer Stewart Sobriety Living Center 2001 West 5th Street Pine Bluff, Arkansas 71601
Dear Ms. Stewart:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), [1] for my opinion on whether the decision by the Executive Director of Recovery Centers of Arkansas to withhold from disclosure certain records in response to your request under the Arkansas Freedom of Information Act ("FOIA") is consistent with the provisions of that act. You have indicated that you submitted a FOIA request for all employment contracts, correspondence, and salary agreements between Recovery Centers of Arkansas and an individual named Kenneth "Muskie" Harris. You were told that Recovery Centers of Arkansas has no contract or written correspondence between itself and Muskie Harris other than a letter of hire. The Executive Director declined to release the letter of hire, initially on the basis that it is a personnel record that is not subject to release under the FOIA, and later on the basis that Recovery Centers of Arkansas is a private agency that is not subject to the FOIA.
RESPONSE
As stated above at n. 1, my duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of requested employee-related documents is consistent with the FOIA. With regard to your particular FOIA request, I note that there appears to be a threshold question whether the request has been directed to an entity that is subject to the act. An entity is subject *Page 2 
to the FOIA when it receives public funds and is sufficiently intertwined with government affairs. Op. Att'y Gen. 2009-063. Seealso Op. Att'y Gen. 2007-192; J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, 50-52 (m m Press, 4th ed. 2004) (discussing the "intertwining" element).
Please be advised that I cannot resolve the threshold question of whether Recovery Centers of Arkansas is subject to the FOIA. I lack sufficient facts to make that determination, and I cannot in any event act as a fact-finder in issuing opinions under subsection 25-19-105(c)(3)(B). If this entity is not subject to the act, then obviously the custodian has correctly determined that the requested records are not subject to public inspection and copying. If it is determined that Recovery Centers is in fact subject to the FOIA, then in my opinion the letter of hire is likely subject to disclosure as a "personnel record."
This office has consistently opined that records relating to an employee's hiring and salary are "personnel records" for purposes of the FOIA. E.g., Op. Att'y Gen. 2004-320. "Personnel records" are open to public inspection and copying under the FOIA, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted inYoung:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. (Emphasis added.) *Page 3 
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when there is "little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his privacy interests outweighed that of the public's under the circumstances presented. Id. at 313.
Although I have not seen the "letter of hire" at issue, I believe it is highly unlikely that a record of this nature contains information the release of which would constitute a "clearly unwarranted invasion of personal privacy." This office has previously opined that the employment contract of one employed by an entity subject to the FOIA must be disclosed pursuant to the act. Op. Att'y Gen. 90-023. This office has also consistently opined in numerous opinions that the disclosure of records reflecting an employee's name, title, hire date, age, salary, and work status does not constitute a clearly unwarranted invasion of the employee's personal privacy. See, e.g., Op. Att'y Gen. Nos. 2003-029; 95-080; 94-198; 91-351. The public interest in this type of basic employment information is substantial and any potential privacy interest does not outweigh it. Op. Att'y Gen. 2008-050 (and opinions cited therein).
Accordingly, if it is factually determined that the FOIA applies to the Recovery Centers of Arkansas, then in my opinion an employment contract or salary agreement entered by this entity must in all likelihood be provided in response to a request under the FOIA. It should be emphasized, however, that this opinion does not decide the threshold question of whether Recovery Centers of Arkansas is subject to the FOIA, nor should it be cited or relied upon for that proposition. That question may require resort to the courts for resolution.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] It is my duty under this statute to determine whether the custodian's decision with respect to the release of personnel or employee evaluation/job performance records is consistent with the FOIA.

 *Page 1